Foster, P. J.
This action was brought by plaintiff to recover' damages for alleged personal injuries and property damage suffered by him when his truck was struck by the automobile of the defendant at a street intersection in the city of Gloversville. The jury returned a verdict of no cause of action, and were it not for the assignment of errors in the Trial Judge’s charge to the jury we would be constrained to affirm on the ground that only fair issues of fact were presented.
According to appellant’s version of the facts he was driving east on Second Avenue in the city of Gloversville towards its intersection with Kingsboro Avenue, a main artery of travel. There was a stop sign on Second Avenue, and appellant claimed that before he entered the intersection he stopped his truck and observing no vehicle on Kingsboro Avenue within 150 feet of the intersection he entered the same. While he was crossing the intersection the defendant’s car, coming from his left on Kingsboro Avenue, crashed into the side of his truck.
Eespondent disputed this version. He claimed that when his automobile was about thirty feet from the intersection appellant’s truck came out of Second Avenue, without stopping and directly in the path of his automobile. He put on his brakes but was unable to avoid a collision, which took place just to the right of the center of the intersection looking in a southerly direction.
A part of the charge to the jury by the court was as follows: 1 “ the usual statutory rule which provides that the one approaching an intersection from the right of another person approaching *750 that intersection has the right of way that general statutory rule is overruled specifically in through streets where stop signs are put up.”
To this portion of the charge the appellant’s counsel duly excepted.
Undoubtedly the right of way rule to which the court referred was subdivision 4 of section 82 of the Vehicle and Traffic Law. From the excerpt quoted the jury may well have been led to believe that since a stop sign was against appellant the right of way rule, which ordinarily would have been in his favor, was entirely abrogated whether or not he stopped in obedience to the sign. This, we think, was an erroneous conception. Section 90 of the Vehicle and Traffic Law, which deals with stop signs, provides in part: “ The operator of any vehicle which has come to a stop as herein required, upon entering the main artery of travel, as well as the operator of a vehicle on such main artery, shall be subject to the right of way regulations prescribed by this chapter and shall enter such main arteries of travel with caution.”
Our interpretation of this language is that when a vehicle, approaching an intersection from a subordinate street or highway, has come to a stop as required, the right of way rule thereafter comes into play; and, all things being equal, the vehicle on the right has the right of way. Of course a right of way is never absolute and must be exercised with caution, but some rule nevertheless is necessary for the safe passage of vehicles at intersections where otherwise their rights would be equal.
The court was also requested to charge ‘ ‘ that all things being equal once having entered the intersection the driver of the vehicle on the right is entitled to the right-of-way. ’ ’ The court left this matter for the jury to determine under all the circumstances as to the exercise of reasonable care and prudence on the part of each driver. As we view the statute the request was proper and should have been charged. The failure to charge it left the jury without any rule of law as to the right of way.
The case was evidently a close one in the minds of the jurors for the verdict was ten to two. In view of this fact we are persuaded that the errors assigned were material, and that a new.trial should be granted, with costs to the appellant to abide the event.
Hbffernan, Brewster, Bergan and Coon, JJ., concur.
Judgment and order reversed, on the law and facts, and a new trial directed, with costs to the appellant to abide the event.